**Reversed and Remanded and Majority and Dissenting Opinions filed September 27, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00871-CV

---

## GSC WHOLESALE, LLC D/B/A GROCERS SUPPLY AND THE GROCERS SUPPLY PRODUCE CO., LLC, Appellants

### V.

### ZACH YOUNG, Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2020-37352**

---

### DISSENTING OPINION

The majority concludes that the unsigned Arbitration Agreement contained in the January 29, 2015 contract is not ambiguous because GSC and Young assented to the agreement by conduct, without the signature of an authorized representative of GSC. *See McMahan v. Greenwood*, 108 S.W.3d 467, 484 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("Absent ambiguity, a court must

construe the meaning of a contract as a matter of law.") I respectfully dissent from the majority opinion because the Arbitration Agreement relied on by GSC is ambiguous as to whether GSC's signature was a condition precedent to the enforceability of the Arbitration Agreement. *See id.* ("Conditions precedent are acts or events that occur subsequent to the formation of a contract and that must occur before there is a right to immediate performance and before there can be a breach of a contractual duty.").

The majority concludes that GSC established an agreement to arbitrate as a matter of law because there is no language in the Arbitration Agreement providing that assent to the Arbitration Agreement may only be made by signature. In support of their conclusion, the majority references a "Note to the Employee" in the Arbitration Agreement that states that the arbitration dispute resolution program "is a mandatory and binding condition of your employment regardless of whether or not *you* sign or return the agreement. This Agreement is likewise binding on your Employer."(emphasis added). However, the majority's conclusion ignores the language above the signature line providing that the signature indicates that the employer has "Accepted and Agreed." The question here is whether GSC accepted the Arbitration Agreement, not whether Young accepted the Arbitration Agreement. The language requiring the signature of GSC's authorized representative supports a finding that the Arbitration Agreement required a signature for GSC to assent to the Arbitration Agreement.

The majority also relies on the language in the Arbitration Agreement providing that Young's continued employment with GSC indicates the parties' mutual agreement to arbitrate. This language in the Arbitration Agreement supports a contrary finding that GSC's signature was not required to sign the agreement to assent to it. These two competing inferences create an ambiguity as

to whether GSC's signature was a condition precedent to enforceability. *See ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 874 (Tex. 2018) ("A contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation."). A party cannot accept by conduct a contract that requires a signature as a condition precedent. *See Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976); *Simmons v. Simmons Const. Co. v. Rea*, 286 S.W.2d 415, 418 (Tex. 1955); *SK Plymouth*, 605 S.W.3d at 715–18. Accordingly, we cannot conclude as a matter of law that the Arbitration Agreement allowed for assent by the parties by conduct. *See Smart Call, LLC*, 2014 WL 3955083, at *5 (noting that provision in the agreement that it "may be modified only by a subsequent written document signed by the Parties" along with "blank signature blocks" is "some evidence that the parties did not intend to be bound until both parties signed the agreement"); *In re Bunzl*, 155 S.W.3d at 211 (same). The Arbitration Agreement relied on by GSC supports the trial court's finding that GSC's signature was a condition precedent for GSC's assent to the Arbitration Agreement. Therefore, I would conclude that the trial court did not abuse its discretion when it denied GSC's motion to compel arbitration. Because I would conclude that the trial court did not abuse its discretion, I would not find it necessary to reach GSC's second issue of whether Young's claims fall within the scope of the Arbitration Agreement.

For these reasons, I respectfully dissent.

/s/     Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Poissant, and Wilson. (Wilson, J., majority).